UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENE M. AHRENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13CV1976 HEA |
| | ) |
| MILLER AND STEENO, P.C., et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, [Doc. No. 21]. Defendant opposes the Motion. Although Plaintiff has filed an Amended Complaint, she has sought and was granted leave to supplement her Motion for Partial Summary Judgment. The Court therefore assumes Plaintiff intends her Motion for Partial Summary Judgment as to the Amended Complaint.

The uncontroverted facts taken from the parties' submissions are as follow: Plaintiff is an individual consumer. She did not incur the alleged debt at issue in this suit for any business-related purpose. The services that give rise to the alleged debt relate to a personal credit card account with Citibank.

Defendants are debt collectors –Defendants Miller & Steeno and Sandford Miller each admit that they regularly attempt to collect debts alleged to be due another. Defendant Forsyth is a debt collector because, as a debt buyer that

purchased Plaintiff's debt from the original creditor, Forsyth's only conceivable business purpose is the collection of debts

Defendant Forsyth sued Plaintiff in 2005 in St. Charles County Circuit Court. Defendant Forsyth was represented in that case by Defendant Miller & Steeno. Defendants did not personally or through their employees physically serve Plaintiff with the summons or petition. In the instant case, the return of service states that on March 24, 2005, Deputy Sheriff Bruce Bergsieker left a copy of the summons and a copy of the petition at the dwelling place or usual abode of Plaintiff with Michael Ahrens, a person of Plaintiff's family over the age of 15 years.

A default judgment against Plaintiff.

The April, 2013 letter stated as follows: "After review of your file we find a balance of $11,726.38. Please pay that amount by cashiers [sic] check or money order to "Miller and Steeno, P.C." and make sure our file number (05-00636-0) is on your payment to ensure you get credit. If you are unable to pay in full, call this office immediately to set up a payment plan." The letter did not indicate whether interest was accruing on the balance of the debt.

Interest was accruing daily on Plaintiff's account, as evidenced by the increase in balance from $4,061.90 on the day of the default judgment to 11,726.38 as of the date of the April 1, 2013 letter.

The letter did not contain any language that explained to Plaintiff that due to interest, late charges, and other charges that may vary from day to day, the amount due on the day Plaintiff would pay might be greater than the amount due contained in the collection letter.

Plaintiff hired attorney Kristoffer Boevingloh to have the default judgment set aside.

In August 2013, Plaintiff succeeded in having service quashed service in the prior case and the default judgment was set aside.

Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendants.

The standards for summary judgment are also well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Employers Mut. Cas. Co. v. Wendland & Utz,* Ltd, 351 F.3d 890 (8th Cir. 2003); *Enter. Bank v. Magna Bank* 92 F.3d 743, 747 (8th Cir. 1996). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56©; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enter. Bank*, 92 F.3d at 747. Once the moving party has met this burden,

the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Krenik v. Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The Court will review the facts in this case with these standards in mind.

Defendants have submitted affidavits of Ronald C. Miller, Sandford J. Miller and Stephen J. Barber in response to the motion for partial summary judgment. Ronald Miller avers that a letter was sent to Plaintiff on February 5, 2005. In support of this averment, attached to this affidavit is what appears to be an internal document regarding Plaintiff's debt. This document is dated 10/11/13, contains the date "2/05/05," with a line item of interest 2/01/05-2/02/05, 1.66, with another figure of 3,870.10 in a separate column.

Sanford Miller avers he had absolutely no involvement in the content or preparation of the "February 2, 2005 or April 1, 2013 letters." He also avers that he had absolutely no involvement in the actual service of the summons or petition on Plaintiff. Finally, he avers he had absolutely no involvement in the entry of the default judgment against Plaintiff.

In the affidavit of Ronald Miller, Miller avers that Forsyth Financial Group, LLC had absolutely no involvement in the content or preparation of the April 1st letter; Forsyth Financial Group, LLC had absolutely no involvement in the actual service of the summons or petition on Plaintiff; and that Forsyth Financial Group, LLC retained the services of Miller and Steeno, P.C. to the collect a debt from Plaintiff.

Miller also avers that Miller and Steeno, P.C. had absolutely no involvement in the actual service of the summons or petition on Plaintiff

The default judgment entered on April 22, 2005 stated that interest would accrue on the judgment.

The court has reviewed the record before it. Based on the entire record, summary judgment in favor Plaintiff is not appropriate. Considering all of the facts, together with inferences to be drawn therefrom, it appears that genuine issues of material fact remain. While Plaintiff argues that the affidavits submitted in opposition to the motion are self-serving, Plaintiff presents nothing to controvert

the contents therein.  Genuine disputes of material fact remain at this stage of the litigation.  Summary judgment is therefore, not appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. No. 21] is denied.

Dated this 14th day of July, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE